UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONA DEANDA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-02120-DJC-CSK (SS)

FINDINGS AND RECOMMENDATIONS ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

(ECF Nos. 13, 19)

Plaintiff Mona Deanda seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, the Court recommends Plaintiff's motion be GRANTED IN PART and DENIED IN PART, the Commissioner's cross-motion be GRANTED IN PART and DENIED IN PART, and the final decision of the Commissioner be REVERSED AND REMANDED.

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) for the issuance of findings and recommendations. *See* Local Rule 304.

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On May 31, 2022, Plaintiff completed an application for Disability Insurance Benefits under Title II of the Social Security Act with an alleged onset date of June 5, 2019.[2] Administrative Transcript ("AT") 183-184, 210 (ECF No. 12). Plaintiff claimed disability due to spinal stenosis, a cist in her spinal cord, after effects of an infection from the COVID-19 virus, breathing issues, back pain, and a knee problem. AT 204. Plaintiff's

---

[2] Plaintiff later amended her alleged onset date to April 22, 2022. AT 19.

application was denied initially and upon reconsideration; she sought review before an administrative law judge ("ALJ"). AT 41-56, 59-67, 89-90. Plaintiff appeared with a representative at an in-person hearing on February 11, 2025 before an ALJ, where Plaintiff testified about her impairments and a vocational expert ("VE") testified about hypothetical available jobs in the national economy. AT 31-40.

On March 7, 2025, the ALJ issued a decision finding Plaintiff was not disabled from April 22, 2022 through December 12, 2023, however, the ALJ concluded Plaintiff has been disabled under sections 216(i) and 223(d) of the Social Security Act beginning on December 13, 2023. AT 17-24. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 22, 2022. AT 19. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, obesity, osteoarthritis of the knees, bursitis of the hips, and asthma. AT 19-20. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equals any listing. AT 20 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.18 (Abnormality of a major joint(s) in any extremity), 3.02 (Chronic respiratory disorders due to any cause except cystic fibrosis ("CF")), and 3.03 (Asthma). *Id*.

The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except: "[Plaintiff] could occasionally perform postural activities except she is unable to climb ladders, ropes, and scaffolds; and she must avoid concentrated exposure to fumes, gas, dust, or hazards." *Id*. In making this finding, the ALJ considered Plaintiff's symptoms "to the extent which these symptoms can reasonably be accepted as consistent with the medical evidence," medical opinions, and prior administrative findings. *Id*.

Evaluating the medical opinion evidence, the ALJ found the medical opinion testimonies of Dr. S. Amon, M.D. and Dr. L. DeSouza, M.D. to be persuasive. AT 22-23. Dr. Amon evaluated Plaintiff at her initial disability determination on January 25, 2023.

AT 41-56. Dr. Amon opined that Plaintiff could perform light exertional work, occasionally perform postural activities, except that she could frequently balance and crouch. AT 22 (citing AT 41-56.)

Dr. DeSouza evaluated Plaintiff at her disability determination at the reconsideration level on August 9, 2023. AT 59-67. Dr. DeSouza also determined that Plaintiff could perform light exertional work, occasionally climb and crawl, and frequently balance, stoop, and kneel. *Id*. (citing AT 59-67).

The ALJ found both opinion testimonies had supportability because they each noted Plaintiff's hip, spinal, and knee imaging studies, Plaintiff's injections, and a physical examination finding that indicated a normal gait and no focal neurological defects. *Id*. (citing AT 41-56, 59-67). Additionally, the ALJ determined that both opinions were consistent with the record because they considered items in the record such as Plaintiff's treatment history, ongoing reports of pain despite treatment, and need for spinal and knee injections and spinal surgery. *Id*. The ALJ also found both opinion testimonies provided for reasonable limitations when considering Plaintiff's reports of improvement with injections in her right greater trochanteric bursa[3] and sacroiliac joints[4], medical records finding normal gait and full strength, Plaintiff's reporting a resolution of symptoms in her left lower extremity, x-rays showing normal findings or mild degeneration in her knee, and progress notes showing Plaintiff's pain was "well controlled with medication." *Id*. (citing AT 308, 317, 356 301-578, 721-1011, 542, 915, 1057, 352, 1136).

The ALJ also considered the lay testimony of Plaintiff's son, Julian Arriga. AT 21. Plaintiff's son's function report attests Plaintiff has limited mobility; trouble sleeping; needing assistance in doing everyday tasks, such as dressing or bathing; difficulty

---

[3] The greater trochanter is the outside edge of the femur bone. *Trochanteric Bursitis*, CLEVELAND CLINIC (July 6, 2023), https://my.clevelandclinic.org/health/diseases/4964-trochanteric-bursitis. A bursa is a "small, fluid-filled sac." *Id*.

[4] Sacroiliac joints sit where the lower spine and pelvis meet. *Sacroiliitis*, MAYO CLINIC (Feb. 22, 2024), https://www.mayoclinic.org/diseases-conditions/sacroiliitis/symptoms-causes/syc-20350747.

standing or sitting; and using a wheelchair for outdoor activities. *Id*. (citing AT 212-219).

At step four, the ALJ concluded Plaintiff has no past relevant work. AT 23. At step five, the ALJ concluded that prior to December 13, 2023, Plaintiff was capable of performing other jobs in the national economy, including (i) sales attendant, Dictionary of Occupational Titles ("DOT") #299.677-010, with 174,000 jobs nationally; (ii) router clerk, DOT #222.687-022, with 25,000 jobs nationally; and (iii) office helper, DOT #239.567-010, with 16,900 jobs nationally. *Id*. However, the ALJ concluded that since December 13, 2023, work has not existed in significant numbers in the national economy that Plaintiff could perform. AT 24. Therefore, the ALJ concluded that Plaintiff was not disabled prior to December 13, 2023, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. *Id*.

On June 6, 2025, the Appeals Council denied Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross motions for summary judgment. (ECF Nos. 1, 13, 19).

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ (1) failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; and (2) failed to provide reasons for discounting the lay witness testimony of Plaintiff's son. Pl. Mot. at 6-15 (ECF No. 13).

In contrast, Defendant argues (1) the ALJ properly discounted Plaintiff's subjective symptom testimony; and (2) was not required to articulate how Plaintiff's son's lay opinion testimony was evaluated under the revised regulations. Def. Mot. at 3-12 (ECF No. 19).

## IV. DISCUSSION

### A. Subjective Symptom Testimony

#### 1. <u>Legal Standards</u>

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the

ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." Lambert, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id*. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id*. at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

/ / /

2. Analysis

Plaintiff testified she had intense back pain that radiated to her legs, despite having undergone a spinal decompression surgery and being treated with pain medication. AT 20. Plaintiff alleged that due to asthma, she also suffers from shortness of breath. *Id*. Plaintiff also stated she has difficulty walking. *Id*. Plaintiff estimated she could lift objects between five to ten pounds. *Id*. Plaintiff also alleged she could stand for at most ten minutes at a time for a total of one to two hours per day and that she lies down or reclines throughout the day. *Id*. The ALJ found that "there is evidence that is consistent with [Plaintiff's] allegations," however, he nevertheless concluded Plaintiff's allegations "are not entirely consistent with the evidence." AT 20, 22.

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptom testimony by: (1) erroneously concluding that the following treatment led to sustained improvement: (a) right greater trochanteric bursa and sacroiliac joint injections administered in early 2022; (b) treatment with Norco; and (c) an L4-5[5] spinal decompression surgery; and (2) erroneously concluding the medical record did not support Plaintiff's subjective symptom testimony. Pl. Mot. at 6-13.

Defendant argues the ALJ properly evaluated Plaintiff's subjective symptom testimony because the ALJ properly relied on (1) objective medical findings that did not support the extent or severity of Plaintiff's alleged symptoms; (2) Plaintiff's treatment with Norco and hip and spinal injections that improved Plaintiff's symptoms; and (3) medical opinion evidence that found Plaintiff did not have work-preclusive limitations. Pl. Mot. at 4-8.

a. *Effective Treatment*

In discounting Plaintiff's subjective symptom testimony, the ALJ cites several records indicating that Plaintiff's impairments were improved by treatment. The ALJ first

[5] L4-L5 refer to Plaintiff's lumbar vertebrae sitting at the lower end of her spine. *Lumbar Spine*, Cleveland Clinic (Feb. 17, 2022), https://my.clevelandclinic.org/health/articles/22396-lumbar-spine.

referenced a physician's note from June 17, 2022 documented "great relief" that Plaintiff had experienced after being administered right greater trochanteric bursa and sacroiliac joint injections, and that Plaintiff requested additional injections. *Id*. (citing AT 356). The ALJ referenced another physician's note from July 28, 2022, where Plaintiff again reported "great relief" from her injections, but it is unclear whether the record refers to an additional round of injections, or the injections reported in the June 17, 2022 physician's note. *Id*. (citing AT 317).

The Court agrees with Plaintiff that the limited temporality of Plaintiff's pain relief after her right greater trochanteric bursa and sacroiliac joint injections does not undermine her subjective symptom testimony. In the report dated June 17, 2022, Plaintiff's "great relief" lasted for three weeks before her pain returned. AT 356. After the pain came back, Plaintiff requested an additional injection, but her treatment providers concluded that it was "too soon." *Id*. Defendant also appears to concede that this treatment only provided Plaintiff short-term relief. *See* Def. Mot. at 6. Therefore, the Court concludes substantial evidence does not support a finding that Plaintiff's injections were clear and convincing reasons to discount her subjective symptom testimony. *See Garrison v. Colvin*, 759 F. 3d 995, 1017 (9th Cir. 2014) ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.").

The ALJ also highlighted records indicating Plaintiff's pain improved with medication by referencing November 4, 2022 and August 28, 2024 physician's reports that observed Plaintiff's pain was "well controlled with Norco." AT 22 (citing AT 352, 1136).

Plaintiff counters that the relief she felt with Norco was slight, at best, and does not support the conclusion that Plaintiff had improved to the point of returning to full-time work. Pl. Mot. at 10. In support of this argument, Plaintiff cites physicians' records also taken on November 4, 2022 and August 28, 2024, which included reports of Plaintiff's level of pain felt at the time of the appointment, and her average, best, and worst levels of pain felt over the previous week on a scale of one to ten. AT 350, 1134. Both records

are nearly identical. The report taken on November 4, 2022 showed Plaintiff's current level of pain was a seven out of ten, her average level of pain during the previous week was a nine out of ten, her worst level of pain during the previous week was a ten out of ten, and her best level of pain was a seven out of ten. AT 350. Likewise, Plaintiff reported a current level of pain of a seven out of ten, average level of pain during the prior week of a nine out of ten, and worst level of pain during the prior week of a ten out of ten in her physician's notes on August 28, 2024. AT 1134. However, Plaintiff's best level of pain during the previous week was slightly lower at a six out of ten. *Id*. While the Court finds Plaintiff's Norco treatment led to some improvement in her symptoms, Plaintiff's self-reported pain levels remain severe. *See Holohan v. Massanari*, 246 F. 3d 1195, 1205 (9th Cir. 2001) (concluding that despite findings of some improvement in symptoms do not necessarily mean the underlying impairments "no longer seriously affect [a plaintiff's] ability to function in a workplace."). Accordingly, the Court concludes the ALJ erred in finding Plaintiff's treatment with Norco and subsequent improvement in her symptoms were clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

Last, with respect to Plaintiff's spinal surgery, the ALJ referenced a physician's report from October 27, 2022 that described Plaintiff as "full strength." AT 22 (citing AT 324). The ALJ also referred to a clinic note from December 2, 2022, where Plaintiff informed her neurosurgeon that while she still had some right lower extremity sciatica, her left lower extremity symptoms had resolved, had a sixty (60) percent improvement overall after her surgery, and could stand for longer periods of time. *Id*. (citing AT 308). Plaintiff's neurosurgeon later cleared her for normal activities. *Id*. (citing AT 309).

Plaintiff argues the ALJ erred in concluding she had returned to "full strength," by citing to the same October 27, 2022 record, which found "significant right hip pain on passive range of motion." AT 324. Plaintiff also cites other portions of the December 2, 2022 record, which reported that Plaintiff had residual intermittent lower extremity symptoms that grew worse with walking. AT 309. The record also found that Plaintiff has

baseline right hip issues with "significant pain on passive range of motion." *Id*. The records indicate that Plaintiff's surgery and subsequent recovery only represent a partial improvement with severe symptoms continuing to linger. Therefore, the Court finds that there is not substantial evidence to conclude that the reports following Plaintiff's surgery are clear and convincing reasons to discount her subjective symptom testimony. *See Ross v. Commissioner of Social Security Administration*, 2018 WL 263639, at *7 (D. Or. Jan. 2, 2018) (finding the ALJ erred concluding relief from a surgical procedure was a clear and convincing reason for discounting Plaintiff's subjective symptom testimony where Plaintiff continued to suffer from pain in other areas of her body).

b. *Objective Medical Evidence*

The ALJ's remaining reason for discounting Plaintiff's subjective symptom testimony is due to a lack of consistency with the objective medical evidence. AT 21-22. The ALJ may not rely on inconsistency with the objective medical evidence as the sole reason for discounting Plaintiff's testimony. *Burch v. Barnhart*, 400 F. 3d 676, 680 (9th Cir. 2005).

Even if the Court did not find the ALJ erred in evaluating Plaintiff's effective treatment, the Court would have still found error in the ALJ's analysis of the objective medical evidence. The ALJ's examination of the objective medical record does not explain how these records undermine Plaintiff's testimony and instead provides a boilerplate conclusion that Plaintiff's allegations are "not entirely consistent with the evidence." AT 22. This is not sufficient to meet the minimal requirements for assessing credibility, and the Court concludes the ALJ erred in his treatment of the objective medical evidence. *See Lambert*, 980 F.3d at 1277-78. The Court need not address Plaintiff's other arguments.

An ALJ failing to specify their reasons for finding claimant testimony not credible is typically not harmless error. *See Treichler*, 775 F. 3d at 492. Therefore, the Court recommends remanding for further administrative proceeding and granting Plaintiff summary judgment on this issue.

### B. Lay Opinion Testimony

#### 1. Legal Standards

The regulations require an ALJ to "consider" all evidence in the record. 20 C.F.R. § 404.1520c(d). Under the 2017 amendments to regulations, an ALJ is "not required to articulate how [they] considered evidence from nonmedical sources[.]" 20 C.F.R. § 404.1520c(d). "This suggests that an ALJ may consider a lay opinion . . . without explicitly discussing it or making any related findings in the written decision. That the Ninth Circuit has reached a similar conclusion, albeit in unpublished opinions, supports this argument." *Tiamiyu v. Comm'r of Soc. Sec.*, 2025 WL 2193021, at *10 (E.D. Cal. Aug. 1, 2025) (citing *Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. Jan. 23, 2024) (ALJ "not required to articulate how [she] considered evidence from nonmedical sources under the new regulations") (internal quotation marks omitted).

#### 2. Analysis

Plaintiff argues the ALJ erred by discounting Plaintiff's son's lay witness testimony without providing germane reasons. Pl. Mot. 14-15. In contrast, Defendant argues the ALJ did not err in his handling of Plaintiff's son's lay witness testimony because the regulations issued after March 27, 2017 do not require the ALJ to articulate how he considered nonmedical sources. Def. Mot. 8-11.

In formulating the RFC, the ALJ explained that he had considered the "evidence discussed above," which included a synopsis of Plaintiff's son's lay witness testimony. AT 21, 22. As the ALJ was not required to do more, Plaintiff has failed to show error on this basis. 20 C.F.R. § 404.1520c(d); *see Kennedy*, 2024 WL 242992, at *2. Therefore, the Court recommends granting Defendant summary judgment on this issue and denying summary judgment for Plaintiff.

## V. CONCLUSION

In conclusion, the Court recommends granting summary judgment in favor of Plaintiff because the ALJ erred in discounting Plaintiff's subjective symptom testimony. The Court recommends granting summary judgment in favor of Defendant as to the

ALJ's treatment of Plaintiff's son's lay testimony.

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze whether there are clear and convincing reasons for discrediting Plaintiff's testimony. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is

supported by the record as a whole.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS:

1. Plaintiff's motion for summary judgment (ECF No. 13) be GRANTED IN PART and DENIED IN PART;
2. The Commissioner's cross-motion (ECF No. 19) be GRANTED IN PART and DENIED IN PART;
3. The final decision of the Commissioner be REVERSED AND REMANDED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, dean.2120.25.ss msj